EASTERN DIST.
*January*, 1840.

CLARK *vs.* ·CLARK ET AL.

CLARK
*vs.*
CLARK ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

It is not a valid objection to testimony, that two witnesses were examined together, and made oath to the same facts, in the same deposition. There is no law prohibiting a joint examination of witnesses, and taking their joint testimony in one deposition.

This is an action instituted by the owner of the steamer Semaphore, claiming damages to the amount of three thousand nine hundred and ninety-two dollars, from the defendants, as owners of the steam tow-boat Hudson, for running into his boat on the night of the 12th December, 1838, through negligence and mismanagement, and causing the injury, for which he seeks redress.

The defendants pleaded a general denial, and averred that the collision and injury complained of was occasioned by the fault, negligence, and want of skill on the part of the officers of the Semaphore; and that the tow-boat officers used all possible care and skill to avoid the collision, and are not liable for any mismanagement or damage.

On these pleadings and issue, the cause was submitted to a jury, on the testimony produced.

A bill of exceptions was taken to the reading of the deposition of two witnesses, Messrs. Heath and Hebert, who were examined jointly by the magistrate, testified jointly to the same facts, and signed and made oath to the same deposition jointly. The objections were, that their testimony should have been taken separately, and apart from each other, instead of jointly, in the same deposition.

On the evidence, the jury returned a verdict of three thousand eight hundred dollars for the plaintiff. From judgment confirming the verdict, the defendants appealed.

*Carter*, for the plaintiff.

*Roselius*, contra.

*Morphy, J.*, delivered the opinion of the court.

This suit is to recover damages from the defendants, as owners of the tow-boat Hudson, on the ground that, owing to the gross neglect, carelessness, and want of skill in the management of the officers on board of said boat, she came in collision with, and run foul of the steamer Semaphore, owned by plaintiff. Defendants aver that the collision took place through the fault and mismanagement of the persons having the command of the Semaphore, and that no blame can be imputed to their agents. The cause was submitted to an intelligent jury, who brought in a verdict for the plaintiff. After an unsuccessful effort to obtain a new trial, defendants appealed.

We find, in the record submitted to us without argument, a bill of exceptions, which presents the only point in the cause. A commission, offered in evidence by plaintiff, was objected to, on the ground that two witnesses had been sworn and examined together, by the magistrate, who executed the commission, instead of being sworn and examined separately and apart. It would, certainly, have been more regular and consonant with established practice to have examined the witnesses in the latter way ; but we are aware of no law prohibiting a joint examination, when it can be done conveniently and without confusion, as in the present case, where only two witnesses were to answer a few questions touching the same occurrence, which they had both witnessed. At all events, this irregularity, if it be one of any moment, has worked no injury to the defendants, because the material facts stated in that examination have been testified to by other witnesses, whose testimony stands uncontradicted and unobjected to.

On the merits, the small portion of the evidence reduced to writing, although fourteen witnesses appear to have been sworn, inclines us to adopt the view which the jury has taken of this controversy.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
January, 1840.

CLARK
vs.
CLARK ET AL.

It is not a valid objection to testimony, that two witnesses were examined together, and made oath to the same facts, in the same deposition. There is no law prohibiting a joint examination of witnesses, and taking their joint testimony in one deposition.